IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS TORRES,<br><br>        Plaintiff,<br><br>  v.<br><br>JOHN DOE,<br><br>        Defendant.<br>_____ | No. C 06-4192 MMC (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

On July 7, 2006, plaintiff, a California prisoner currently incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was

committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

Having reviewed the complaint, the Court finds plaintiff's claim, specifically that "John Doe" violated his right to due process in connection with his indefinite retention in the Secured Housing Unit at PBSP, is, liberally construed, cognizable.  The use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, however.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wiltsie v. Cal. Dep't of Corrections, 406 F.2d 515, 518 (9th Cir. 1968).  Because situations may arise where the identity of an alleged defendant cannot be known prior to the filing of a complaint, plaintiff will be given an opportunity through discovery to identify this unknown individual.  See Gillespie, 629 F.2d at 642; see also Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).  In particular, plaintiff will be granted leave to take discovery and leave to file an amended complaint in which he provides the name of the defendant who, he alleges, violated his right to due process.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Within **sixty (60) days** of the date this order is filed, plaintiff may file an amended complaint for purposes of curing the deficiencies noted above.  Plaintiff shall include in the caption both the case number of this action (No. C 06-4192 MMC (PR)), and the title "AMENDED COMPLAINT."  An amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint.  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).  Accordingly, if plaintiff wishes to amend his complaint to include new claims and new defendants, he must file an amended complaint, which amended complaint also must include any claims from the original complaint he wishes to preserve.  **If plaintiff fails to timely file an amended complaint in conformity with this order, this action will be dismissed.**

2. Discovery may be taken in accordance with the Federal Rules of Civil Procedure, and no further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required.

3.   It is plaintiffs' responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

IT IS SO ORDERED.

DATED: December 22, 2006

_____
MAXINE M. CHESNEY
United States District Judge