IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS TORRES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>R. KIRKLAND, et al.,<br><br>　　　　Defendant.<br>_____ | No. C 06-4192 MMC (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**(Docket No. 14)** |

On July 7, 2006, plaintiff, a California prisoner currently incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. On December 22, 2006, the Court reviewed the amended complaint and found the complaint stated a cognizable claim for the violation of his constitutional rights in connection with his indefinite retention in the Secured Housing Unit ("SHU") at PBSP. As plaintiff had only used "John Doe" to identify the defendants, plaintiff was granted leave to take discovery and leave to file an amended complaint with the names of the defendants he alleges violated his rights. On February 20, 2007, plaintiff filed an amended complaint in which he names seven PBSP officials alleged to be responsible for placing him in the SHU indefinitely.

Having reviewed the allegations in the amended complaint, the Court finds plaintiff's claims that defendants violated his rights to due process and to be free from cruel and unusual punishment in connection with his indefinite placement in the SHU are, when liberally construed, cognizable.

The Court notes, however, that plaintiff makes numerous allegations with respect to the handling of his administrative appeals. To the extent plaintiff may be asserting claims based on an allegedly improper handling or denial of such appeals, any such claim is meritless. There is no constitutional right to a prison administrative appeal or grievance system. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Wolff v. McDonnell, 418 U.S. 539, 565 (1974) (noting, without criticism, Nebraska system contained no provision for administrative review of disciplinary decisions). As plaintiff has no constitutional right in the first instance to file administrative appeals, the alleged denial or failure to properly process plaintiff's appeals does not rise to the level of a constitutional violation. Consequently, plaintiff's allegations as to the handling and denial of his administrative appeals do not state a claim upon which relief may be granted under § 1983.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the February 20, 2007 Amended Complaint, with all attachments thereto, and the instant Order upon **Warden Robert A. Horel, Deputy Warden R. Kirkland, Facility Captain L. Williams, Counselor W. Barlow, T. McCarthy, Counselor G. Ater,** and **James Tilton, Secretary of the Department of Corrections and Rehabilitation** at **Pelican Bay State Prison**. The Clerk shall also mail courtesy copies of the February 20, 2007 Amended Complaint with all attachments thereto, and the instant Order to the Oakland City Attorney's Office.

2. No later than **ninety (90) days** from the date of this Order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

   a. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune,

2

315 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert.</u> <u>denied</u> <u>Alameida v. Terhune</u>, 540 U.S. 810 (2003).

        b.     Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.</u>**

        3.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30) days** from the date defendants' motion is filed.

        a.     In the event the defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

        b.     In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  <u>See</u> <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

> properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

4. Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

5. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

8  It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9. Any motion for an extension of time must be filed no later than the deadline

4

1 sought to be extended.

2     10.    The February 20, 2007 application to proceed in forma pauperis ("IFP") is
3 DENIED as moot in light of the December 22, 2006 Order granting leave to proceed IFP.

4     This Order terminates Docket No. 14.

5     IT IS SO ORDERED.

6 DATED: May 10, 2007

7     _____
    MAXINE M. CHESNEY
    United States District Judge